DUKE POWER COMPANY AND THE TOWN OF HUDSON v. BLUE RIDGE ELECTRIC MEMBERSHIP CORPORATION.

(Filed 13 December, 1961.)

**1. Electricity § 2—**

> Judgment is properly entered adjudicating that an electric membership corporation can continue to furnish service to those who were members and receiving service at the time the place where the service was rendered was annexed by a municipality but is not entitled to furnish service within such territory to those who were not members at the time of the annexation. The judgment should predicate the respective rights of the membership corporation and the power company to furnish service upon the basis of membership and place of service rather than the residence of the customers.

**2. Same; Constitutional Law § 6—**

> Public policy as to customers which may be served by an electric membership corporation is a matter within the province of the General Assembly and not the courts.

APPEAL by defendant from *Pless, J.,* March-April 1961 Term of CALDWELL.

This is an appeal by defendant from a judgment entered by Judge Pless adjudging the rights of the parties as he interpreted the opinion

of this Court in *Power Co. v. Membership Corp.*, 253 N.C. 596, 117 S.E. 2d 812, filed 20 January 1961, which remanded the case to the Superior Court because of error committed by Judge Farthing.

*Townsend & Todd, Carl Horn, Jr., William I. Ward, Jr., and L. H. Wall for plaintiff appellees.*
*Williams & Whisnant and Claude F. Seila for defendant appellant.*

RODMAN, J.  This action was begun in 1959 to compel defendant to discontinue services to its members residing in Hudson, which although a municipal corporation was a rural area when defendant began furnishing electric service to properties owned or used by its members in Hudson. Hudson joined with Power Co. in seeking to prevent defendant from continuing to provide services to its members and to compel it to remove its lines from the streets of Hudson. Although a rural area when the action was begun, it had ceased to be a rural area when the hearing was had in June 1960. The judgment appealed from provided: "Blue Ridge Electric Membership Corporation is hereby enjoined and restrained from providing or supplying electric service to any person or persons inside the corporate limits of the Town of Hudson . . ." The judgment further required Blue Ridge to "remove, or otherwise dispose of, with the permission of the Town of Hudson, its electric wires, poles, and equipment from over, across, and along the public streets inside the original corporate limits and from those public streets inside the annexed portions of the town, and from the buildings of all persons, businesses, and manufacturing establishments within the corporate limits of the Town of Hudson, both inside the original corporate limits and inside the annexed areas of the town." What is said in the opinion filed in January 1961 must be interpreted in the light of Judge Farthing's judgment. We concluded our opinion with this language: "Blue Ridge can only provide service to its members. G.S. 117-16. Membership is not terminated by a change in the character of the community from rural to urban. Blue Ridge has the right and the duty to serve its members. The court erred in requiring it to remove or otherwise dispose of its properties within the corporate limits of Hudson."

On the same day the opinion was filed on the prior appeal, an opinion was filed in the case of *Membership Corp. v. Light Co.*, 253 N.C. 610, 117 S.E. 2d 764. There Pee Dee Membership Corporation had sought an adjudication of its rights to continue to serve its members who were changed from citizens of a rural area to citizens of an urban area by the enlargement of the boundaries of the Town of Rockingham. There, not only was the right of membership corporations

to continue existing service in an area changed from rural to urban recognized, but the limitation on that right was declared. They may not, when an area changes from rural to urban, expand their services in the urban area. New services are limited to rural areas.

The opinions in these cases, written, in each instance, for a unanimous Court, ought not to be regarded as expressing different and conflicting opinions as to what the law is. Both opinions declare the right of membership corporations to continue to serve, notwithstanding the change in the character of the community from rural to urban. On the prior appeal in this case it was not deemed necessary to go beyond that question.

When the cause was heard by Judge Pless, defendant tendered a judgment dismissing the action, taxing plaintiffs with the costs, permanently enjoining Power Co. from providing or supplying service to designated properties in Hudson, requiring Power Co. to remove its facilities and power lines within 300 feet of defendant's power lines, and permanently enjoining Power Co. "from furnishing or offering to furnish electric energy to anyone who, at the time of the proposed service, is receiving electric service from defendant, or whose premises are capable of being served by the existing facilities of the defendant without extension of the defendant's distribution system other than by the construction of secondary lines not exceeding 300 feet in length, either within or without the corporate limits of the Town of Hudson . . ."

The judgment tendered would, if entered, prohibit Power Co. from serving those not members of defendant and who had no legal right to membership in defendant. It would thus in effect give judicial approval to an *ultra vires* act by defendant. Judge Pless properly refused to sign the judgment.

Defendant's argument that a wise public policy dictates its right to sell electricity and to accept for membership not only those who reside in rural areas but residents of urban areas when the character of the community served changes from rural to urban is addressed to the wrong forum. The Legislature, in the exercise of its discretion, has declared a field which electric membership corporations may serve. Courts have no right to usurp legislative power and by judicial decrees formulate a public policy not declared by the Legislature.

The judgment signed by Judge Pless provided that "Blue Ridge Electric Membership Corporation can continue to maintain and operate its electric distribution lines and facilities within the Town of Hudson as such electric lines and facilities existed prior to April 1, 1960, the date of the 1960 Federal census . . . and . . . can continue to supply and furnish electric power and service to its members only

who *resided* in Hudson prior to April 1, 1960 . . . on premises which were occupied on that date so long as such consumer *residents* continue to be members of Blue Ridge Electric Membership Corporation. Blue Ridge Membership Corporation is not permitted to build, construct, or maintain new and additional electric lines and otherwise extend its facilities in the Town of Hudson after April 1, 1960 . . . nor is it permitted to provide or supply electric power and service to any person, persons, or concerns inside the corporate limits of Hudson who were not its members *and residents* of Hudson prior to April 1, 1960 . . ." Except for the italicized words indicating that residence in Hudson was an essential element to the right to continue to receive service, the judgment signed by Judge Pless is in conformity to the law as declared on the prior appeal and in the related case of *Membership Corp. v. Light Co., supra.* A member who was receiving current in Hudson prior to 1960 may continue to receive current as then provided even though he was not then and is not now a resident of Hudson. The test is: Where is the service rendered?, not the residence of the member. The judgment signed should be reformed to permit continued service to members at premises owned or occupied by them prior to 1 April 1960. The judgment will be modified to so provide, and as thus modified the judgment is

Affirmed.